NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL ACEDO, | No. 17-55509 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00903-JAH-MDD |
| v. | |
| ERNEST PINEDO, Police Officer CV#1025; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Daniel Acedo appeals pro se from the district court's summary judgment in

his action alleging violations of federal and state law arising from his arrest.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Acedo's request for oral argument, set forth in his opening brief, is denied.

391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Acedo's unlawful search and seizure claims because Acedo failed to raise a genuine dispute of material fact as to whether his arrest was not supported by probable cause, or whether defendants' searches of Acedo's person and vehicle were not permissible by virtue of Acedo's lawful arrest. *See United States v. Robinson*, 414 U.S. 218, 224 (1973) (search incident to arrest exception to warrant requirement); *Beier v. City of Lewiston*, 354 F.3d 1058, 1065 (9th Cir. 2004) (probable cause standard). Moreover, Acedo failed to raise a genuine dispute of material fact as to whether defendants lacked consent to enter the side yard at 799 Ada St. *See Georgia v. Randolph*, 547 U.S. 103, 106 (2006) (consent exception to warrant requirement).

The district court did not abuse its discretion by granting defendants' motion to quash a subpoena Acedo served on a third party because Acedo failed to show he was prejudiced by this order. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that "a decision to deny discovery will not be disturbed except upon the clearest showing

2                                                                                    17-55509

that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Acedo's motions to strike. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038, 1041 (9th Cir. 2003) (setting forth standard of review and concluding that district court did not abuse its discretion in denying motions to strike when it "listened to, considered, and rejected" the contentions of the moving party).

The district court did not abuse its discretion by denying Acedo's motion to amend because Acedo failed to show good cause why he should be permitted to join a new defendant after the deadline to amend the pleadings had passed. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (standard of review); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992) (evaluating motion to join defendant after pleading cut-off date for good cause).

The district court did not abuse its discretion by denying Acedo's motion to alter or amend the judgment because Acedo failed to establish any basis for relief. *See Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (setting forth standard of review and grounds upon which a Fed. R. Civ. P.

17-55509

59(e) motion may be granted).

We reject as unsupported by the record Acedo's contention that defendants waived defenses relied on in their motion for summary judgment by not pleading them in their answer.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Acedo's motion to file a late and oversized reply brief (Docket Entry No. 26) is granted. The Clerk shall file Acedo's reply brief and excerpts of record submitted at Docket Entry No. 24.

Acedo's motion to seal (Docket Entry No. 25) is granted. The Clerk shall seal volume II of defendants' excerpts of record submitted at Docket Entry No. 20. Defendants are instructed to submit a revised copy of volume II of their excerpts of record, with Chacon and Acedo's home addresses, dates of birth, and social security numbers redacted on supplemental excerpts of record pages 88, 89, and 96.

**AFFIRMED.**

17-55509